UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHENSHI SICHUANGTIANCHENG DIANZISHANGWU YOUXIANGONGSI,

Plaintiff,

v.

HONG KONG MAYSEE TRADING CO., LTMITED,

Defendant.

Case No. 2:25-cv-01054

COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY

JURY TRIAL DEMANDED

Plaintiff Shenzhenshi Sichuangtiancheng Dianzishangwu Youxiangongsi ("Plaintiff" or "Sichuangtiancheng"); hereby brings this Complaint against Defendant Hong Kong Maysee Trading Co., Ltmited[1] ("Defendant" or "Maysee Trading") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement and invalidity of U.S. Patent No. D923,971 (the "'971 patent"). A copy of the '971 patent is attached as **Exhibit A**.

[1] In patent assignment records available online at https://assignment.uspto.gov/, Defendant is spelled with "Ltmited" instead of "Limited."



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**THE PARTIES**

2. Plaintiff Shenzhenshi Sichuangtiancheng Dianzishangwu Youxiangongsi is a company organized under the laws of China with a place of business at Room 513-B031, Rongchao Economic and Trade Center, No. 4028 Jintian Road, Fuzhong Community, Lianhua Subdistrict, Futian District, Shenzhen City, Guangdong Province, China 518000.

3. On information and belief, Defendant Hong Kong Maysee Trading Co., Ltmited is a company organized under the laws of Hong Kong SAR, China with a principal place of business at Flat/Rm 1303, 13/F, Cheong Tai Commercial Building, No. 287-289, Reclamation Street, Kowloon, Hong Kong SAR, China 999077.

4. On information and belief, Defendant is the assignee of all rights, title, and interest in the ’971 patent. On further information and belief, Defendant enforces the ’971 patent on Amazon.com under the brand “ROSEYAT.”

**BACKGROUND**

5. Plaintiff is a reseller of maternity body pillows under the “Momcozy” brand. Plaintiff only resells its Momcozy maternity body pillows through Amazon.com. The Amazon Standard Identification Numbers (“ASINs”) of certain of these Momzocy maternity body pillows are B0DT15Q3HV and B0DT3TD998.

6. On or about March 10, 2025, Plaintiff received emails from Amazon advising that Defendant submitted infringement notifications that ASINs B0DT15Q3HV and B0DT3TD998 may infringe the ’971 patent. The emails advise that ASINs B0DT15Q3HV and B0DT3TD998 have been removed from Amazon.com as a result.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

7. Appeals to Amazon to reinstate ASINs B0DT15Q3HV and B0DT3TD998 were unsuccessful.

8. Plaintiff offers its Momcozy maternity body pillows for sale to customers in the United States, including Washington, and have sold Momcozy maternity body pillows to customers in Washington.

9. As a result of the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Momcozy maternity body pillows with ASINs B0DT15Q3HV and B0DT3TD998 infringe the '971 patent and whether the claims of the '971 patent are valid and enforceable.

10. Moreover, Plaintiff sells the same Accused Pillows in other colors and/or fabrics at ASINs B08YYVRXLM, B09V4C1GDF, B09N73WTJT, B0D7ZHM4HD, B09V4PYHWV, B0BHQNWPRH, B0BHQNZGBX, B0BHQQ81HK.

11. Therefore, a justiciable controversy also exists between Plaintiff and Defendant as to whether the Momcozy maternity body pillows with ASINs B08YYVRXLM, B09V4C1GDF, B09N73WTJT, B0D7ZHM4HD, B09V4PYHWV, B0BHQNWPRH, B0BHQNZGBX, B0BHQQ81HK infringe the '971 patent and whether the claims of the '971 patent are valid and enforceable.

**JURISDICTION AND VENUE**

12. The Court has original subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. §§ 100 et seq., and seeks relief under the Federal Declaratory Judgment Act.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

13. The Court has supplemental jurisdiction over Plaintiff's state law claims for Tortious Interference with Contractual Relations, Tortious Interference with Business Expectancy, and violation of the Consumer Protection Act because the state law claims are sufficiently intertwined with the facts alleged in the federal claims for relief to confer supplemental jurisdiction upon this Court under 28 U.S.C. § 1367(a).

14. Defendant is subject to specific personal jurisdiction in this District because of its infringement notifications to Amazon that Plaintiff infringes the '971 patent. Amazon received these infringement notifications at its headquarters located in this District. After receiving Defendant's infringement notifications, Amazon removed Momcozy maternity body pillows with ASINs B0DT15Q3HV and B0DT3TD998 (collectively, the "Accused Pillows") from Amazon.com, which has deprived customers in this District of the ability to purchase the Accused Pillows from Amazon.com as they have before.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and therefore may be sued in any judicial district.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of U.S. Patent No. D923,971)**

16. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

17. Defendant purports to be the owner by assignment of the '971 patent with all right, title, and interest thereto.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

18. The Accused Pillows do not infringe the claimed design of the ’971 patent.

19. A comparison of the claimed design in the ’971 patent versus the Accused Pillows shows multiple distinct features that demonstrate noninfringement:

| ’971 Patent | Maternity Body Pillows |
|---|---|
| FIG. 3<br>FIG. 6<br>(’971 patent at Figs. 3, 6). | (Accused Pillows). |

As shown above, a key aspect of the claimed design shows that the elongated section extends over the curved bottom section. In contrast, the Accused Pillows are designed in opposite fashion with the curved bottom section extending over the elongated section.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

20. As another example, the Accused Pillows have smaller openings as compared to the claimed design in the ’971 patent:

| ’971 Patent | Maternity Body Pillows |
|---|---|
| FIG. 3<br>(’971 patent at Fig. 3). | (Accused Pillow). |

21. The smaller openings correlate to additional distinctions between the Accused Pillows and the claimed design in the ’971 patent. For example, as illustrated above, the elongated section of the Accused Pillows gradually widens, whereas the corresponding portion of the claimed design in the ’971 patent maintains a constant width. Moreover, the curved right “bump” portion of the Accused Pillows that coincides with the yellow arrow is much closer to the top end of the



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Accused Pillows as compared to the corresponding curved right "bump" portion of the claimed design in the '971 patent which is positioned lower.

22. Accordingly, Plaintiff has not infringed and does not infringe the claimed design in the '971 patent.

23. Plaintiff sells the same Accused Pillows in other colors and/or fabrics at ASINs B08YYVRXLM, B09V4C1GDF, B09N73WTJT, B0D7ZHM4HD, B09V4PYHWV, B0BHQNWPRH, B0BHQNZGBX, B0BHQQ81HK (collectively, the "Identical Pillows").

24. An actual and justiciable controversy therefore exists between Plaintiff and Defendant regarding whether Plaintiff has infringed the claimed design in the '971 patent.

25. Plaintiff seeks and is entitled to a judgment declaring that it has not infringed and does not infringe the claimed design in the '971 patent.

26. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to reimbursement of its attorneys' fees, costs, and expenses from Defendant.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. D923,971)**

27. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

28. At least by implication of Defendant's allegations that the Accused Pillows infringe the '971 patent, Plaintiff contends that the '971 patent is invalid and/or unenforceable for failure to meet the conditions of patentability set forth in the Patent Laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and 282.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

29. An actual and justiciable controversy exists between Plaintiff and Defendant regarding the invalidity and/or unenforceability of the ’971 patent.

30. Plaintiffs seek and are entitled to a judgment declaring that the ’971 patent is invalid and/or unenforceable.

31. Maternity body pillows that are materially identical to the Accused Pillows were publicly available and offered for sale at least on Amazon.com before the priority date of the ’971 patent, which is Sept. 17, 2020.

32. For example, the Elover Pregnancy Pillow with ASIN B0C4PQ55G9 has been offered for sale on Amazon.com since April 19, 2020. *See* https://www.amazon.com/dp/B0C4PQ55G9 (indicating “Date First Available” of April 19, 2020). Publicly available and Amazon date stamped customer reviews verify that this product was publicly available and sold at least by June 11, 2020:








CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

ASIN B0C4PQ55G9 customer review dated June 11, 2020, *available at* https://www.amazon.com/gp/customer-reviews/RN0OYIBCA8MUJ and attached as **Exhibit B**.

33. A comparison of ASIN B0C4PQ55G9 and the Accused Pillow shows they are materially identical:

| Prior Art ASIN B0C4PQ55G9 | Maternity Body Pillows |
|---|---|
| ASIN B0C4PQ55G9 available for sale on Amazon.com at least as of June 11, 2020 | (Accused Pillow). |

34. The Accused Pillow is also materially identical to other prior art maternity body pillows:



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900




*See* ASIN B0CNVQDFNF, *available at* https://www.amazon.com/dp/B0CNVQDFNF (indicating "Date First Available" of April 16, 2019).




*See* ASIN B08P457TLT, *available at* https://www.amazon.com/dp/B08P457TLT (indicating "Date First Available" of Aug. 28, 2020).

35. Therefore, Defendant's allegation that the Accused Pillow infringes the '971 patent effectively accuses prior art of infringement, which necessarily invalidates the '971 patent.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

36. Furthermore, Defendant was aware of the Elover Pregnancy Pillow prior art during prosecution of the design patent application that issued as the '971 patent. During prosecution, the Examiner cited the "Elover Pregnancy Pillow U-Shaped" at ASIN B08CC8SLW, *See* **Exhibit C** (List of References Cited by Examiner (Mar. 2, 2021), Non-Patent Documents at items W and X). Prior art ASIN B0C4PQ55G9 cited *supra* is also titled "Elover Pregnancy Pillows U-Shape" and comes in a variety of materials and colors. *See* **Exhibit D** (printout of https://www.amazon.com/dp/B0C4PQ55G9).

37. This is an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to reimbursement of its attorneys' fees, costs, and expenses from Defendant.

**THIRD CLAIM FOR RELIEF**

**(Tortious Interference with Contractual Relations)**

38. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

39. Under Washington law, a tortious interference with contractual relations claim has the following elements: (1) the existence of a valid contractual relationship between Plaintiff and a third party, (2) Defendant's knowledge of the contractual relationship, (3) Defendant's intentional and unjustified interference with that contractual relationship, (4) a subsequent breach or termination of that contractual relationship caused by Defendant's improper interference, and (5) damages resulting therefrom.

40. As a seller on the Amazon Marketplace, Plaintiff is bound by and required to follow an extensive set of written Amazon policies and procedures, which govern Plaintiff's operations in the Amazon Marketplace and set forth the terms under which Plaintiff is permitted to operate as



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

well as the circumstances under which Amazon may or will shut down Plaintiff's operations. By establishing Amazon accounts and acting as a seller, Plaintiff has signed onto and agreed to be bound by these Amazon policies and procedures. Collectively, this body of Amazon policies and procedures constitute the contract between Plaintiff and Amazon.

41. Defendant is familiar with Amazon operations and procedures and knew and continues to know that Plaintiff has been an active Amazon seller. Therefore, Defendant knew of the contract between Plaintiff and Amazon.

42. Defendant filed infringement notices with Amazon alleging that the Accused Pillows infringe the '971 patent despite knowing that its infringement allegations were objectively baseless because Defendant had actual knowledge that (i) Plaintiff's Accused Pillows do not infringe the '971 patent; and (ii) by accusing Plaintiff's Accused Pillows of infringing the '971 patent, and having knowledge of prior art cited during prosecution of the '971 patent that is materially the same as the Accused Pillows, Defendant knowingly and effectively accused prior art of infringement which necessarily invalidates the '971 patent.

43. Defendant's wrongful conduct caused Amazon to delist the Accused Pillows from Amazon.com.

44. The foregoing conduct by Defendant has prevented or hindered Plaintiff's and Amazon's ability to perform under their contract.

45. By reason of Defendant's frivolous infringement notifications, Defendant has caused, and will continue to cause, serious irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

46. Defendant's actions have also caused Plaintiff to suffer monetary damages, for which Plaintiff seeks compensation.

**FOURTH CLAIM FOR RELIEF**

**(Tortious Interference with Business Expectancy)**

47. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.

48. Under Washington law, a tortious interference with prospective economic relations claim has the following elements: (1) the existence of a valid business expectancy between Plaintiff and a third party, (2) Defendant's knowledge of the business expectancy, (3) Defendant's intentional and unjustified interference with that business expectancy, (4) a subsequent termination of that business expectancy caused by Defendant's improper interference, and (5) damages resulting therefrom.

49. As a seller on the Amazon Marketplace, Plaintiff is bound by and required to follow an extensive set of written Amazon policies and procedures, which govern Plaintiff's operations in the Amazon Marketplace and set forth the terms under which Plaintiff is permitted to operate as well as the circumstances under which Amazon may or will shut down Plaintiff's operations. By establishing Amazon accounts and acting as a seller, Plaintiff has signed onto and agreed to be bound by these Amazon policies and procedures. Collectively, this body of Amazon policies and procedures constitute the contract between Plaintiff and Amazon.

50. Defendant is familiar with Amazon operations and procedures and knew that Plaintiff has been an active Amazon seller. Therefore, Defendant knew and continues to know of Plaintiff and Amazon's ongoing relationship and prospective future business arrangements



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

between Plaintiff and Amazon regarding the sale of Accused Pillows and Identical Pillows, which includes the future sale of Accused Pillows and Identical Pillows.

51. Defendant filed infringement notices with Amazon alleging that the Accused Pillows infringe the '971 patent despite knowing that its infringement allegations were objectively baseless because Defendant had actual knowledge that (i) Plaintiff's Accused Pillows do not infringe the '971 patent; and (ii) by accusing Plaintiff's Accused Pillows of infringing the '971 patent, and having knowledge of prior art cited during prosecution of the '971 patent that is materially the same as the Accused Pillows, Defendant knowingly and effectively accused prior art of infringement which necessarily invalidates the '971 patent.

52. Defendant's wrongful conduct caused Amazon to delist the Accused Pillows from Amazon.com, thus denying future and ongoing business arrangements between Plaintiff and Amazon.

53. By reason of Defendant's frivolous infringement notifications, Defendant has caused, and will continue to cause, serious irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law.

54. Defendant's actions have also caused Plaintiff to suffer monetary damages, for which Plaintiff seeks compensation.

**FIFTH CLAIM FOR RELIEF**

**(Unfair or Deceptive Business Practices Pursuant to Consumer Protection Act, Wash. Rev. Code § 19.86.020 *et seq.*)**

55. Plaintiff repeats, realleges, and incorporates each and every allegation contained in all previous paragraphs as if fully set forth herein.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

56. Washington's Consumer Protection Act ("CPA") provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020. To prevail on a CPA action, Plaintiff must show (1) an unfair or deceptive act or practice by Defendant; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to Plaintiff in its business or property; and (5) causation.

57. Defendant has engaged in acts which violate the CPA by disparaging the goods, services, or business of Plaintiff by making a false and misleading representation of fact.

58. Defendant made a false and misleading representation of fact to Amazon when it represented to Amazon that Plaintiff's Accused Pillows infringe the '971 patent.

59. Plaintiff has been damaged by Defendant's representations because Plaintiff has been prevented from selling Accused Pillows on Amazon.com.

60. On information and belief, each time an infringement notification is submitted to Amazon, like Defendant did, Amazon maintains a record of that complaint.

61. On information and belief, Amazon does not rank the complaints or reconsider the merits of the complaints in the event that they are determined, such as by a court, to be unfounded.

62. On information and belief, if a seller like Plaintiff receives too many complaints, Amazon will permanently revoke that seller's ability to sell on Amazon.com and may liquidate the seller's remaining funds.

63. On information and belief, if a seller's ability to sell on Amazon is revoked, it loses all of its reviews and Amazon site rankings.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

64. Thus, even if a seller like Plaintiff relaunches a product that had been complained of, Plaintiff will have to rebuild its ranking which can be very difficult to accomplish.

65. Due to Defendant's frivolous and baseless infringement notifications, Plaintiff's Amazon.com seller profile has been permanently damaged, and Plaintiff's Amazon.com seller account is at further risk of being revoked.

66. Defendant's submission of its frivolous and baseless infringement notifications to Amazon caused Amazon to remove the Accused Pillows from Amazon.com. Such actions offend public policy and is unethical, oppressive, and unscrupulous.

67. Plaintiff is entitled to injunctive relief, damages, costs, and attorney's fees.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendant as follows:

a. Ordering Defendant to withdraw all of its infringement assertions for the '971 patent against Plaintiff and to make no further complaints of infringement to Amazon against Plaintiff based on the '971 patent;

b. An order enjoining Defendant and those in privity with Defendant from asserting the '971 patent against Plaintiff and Plaintiff's representatives, agents, affiliates, subsidiaries, vendors, and customers;

c. Declaring that Plaintiff has not and does not infringe the '971 patent, including without limitation by making, using, selling, offering to sell, and/or importing into the United States the Accused Pillows and/or Identical Pillows;

d. Declaring the '971 patent invalid and/or unenforceable;



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

e. For all damages in such amount as may be found, or otherwise permitted, by law;

f. Finding Defendant in violation of Washington's Consumer Protection Act and awarding Plaintiff all damages, costs, and attorneys' fees, including treble damages, available under Wash. Rev. Code § 19.86.090;

g. An order declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

h. An award to Plaintiff of its costs and disbursements; and

i. Such other relief to which Plaintiff is entitled under the law and any other further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims and issues so triable.

DATED this 4th day of June, 2025.

CORR CRONIN LLP

*s/ Eric A. Lindberg*
Eric A. Lindberg, WSBA No. 43596
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
(206) 625-8600 Phone
elindberg@corrcronin.com

John Handy (*pro hac vice* forthcoming)
RIMON P.C.
1765 Greensboro Station Tower I, Suite 900
McLean, VA 22102
(703) 559-7360
john.handy@rimonlaw.com

*Attorneys for Plaintiff Shenzhenshi Sichuangtiancheng Dianzishangwu Youxiangongsi*